IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SEANDI A. FORBES,

    Plaintiff,

vs.                                                                  Case No. 4:14cv320-WS/CAS

GOODWILL INDUSTRIES COMPANY,

    Defendant.

_____/

REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed an amended complaint under 42 U.S.C. § 1983. Doc. 6. Plaintiff did not set forth any factual allegations in the amended complaint. *Id.* at 3. Instead, Plaintiff provided a rambling statement of facts as an attachment to the complaint entitled "pleading of relief statement." Doc. 6-1 at 4-5. The facts alleged in that statement do not demonstrate that Plaintiff's constitutional rights were violated. Moreover, the Defendant is not a "state actor."

To state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985). Thus, a plaintiff must demonstrate "both (1) that the defendant deprived [him] of a right secured under the

Constitution or federal law and (2) that such a deprivation occurred under color of state law."  Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998), *quoted in* Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).  Plaintiff has not met either requirement.  This Defendant is a private business entity.  There is no involvement by the State or by any person who may be considered a state actor.  *See* Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001), *citing* NBC, Inc. v. Communications Workers of America, 860 F.2d 1022, 1026-27 (11th Cir. 1988).  Accordingly, this case should be dismissed and opportunities for further leave to amend need not be provided.

Moreover, another reason to dismiss this case is that Plaintiff already brought an action against the same Defendant based on the same events.  Plaintiff's response, doc. 6-1, does not provide any basis for finding that this second case is brought to litigate matters that transpired after the filing of Plaintiff's earlier case, case number 4:14cv101-MW/CAS.  The case was dismissed in early April 2014 for failure to state a claim.  Docs. 11, 12 of that case.

Under the doctrine of *res judicata*, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action."  In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001).  In other words, *res judicata* forecloses re-litigation of matters actually or potentially litigated in an earlier lawsuit.  Richardson v. Alabama State Bd. of Educ., 935 F.2d 1240 (11th Cir. 1991).

> [A] party seeking to invoke the doctrine must establish ... four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the

merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.

In re Piper Aircraft Corp., 244 F.3d at 1296.  All four of those requirements are met in this litigation.  Plaintiff has not demonstrated that a new claim is presented herein and, moreover, all claims could, and should, have been raised in the prior suit.  Plaintiff does not allege any facts which he identifies as having taken place after the earlier complaint was filed.  *See* doc. 6-1 at 4-5.  This case is barred by *res judicata* and must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 6, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and because this successive action is barred by the doctrine of *res judicata*.

**IN CHAMBERS** at Tallahassee, Florida, on August 14, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**